From Robert W. Smith, Hollidaysburg, Pa.

## Smith v. Golden et al.

*John P. Sipes*, for plaintiff.

*S. W. Kirk* and *John R. Jackson*, for defendants.

McPHERSON, P. J., August 16, 1930.—This action was brought to recover damages for an alleged trespass on the part of the defendants by entering upon the land of the plaintiff and constructing thereon a road at a location other than that described in the order issued by the Court of Quarter Sessions

of Fulton County to the defendants, who are Supervisors of Bethel Township, Fulton County, directing them to open or lay out and construct in accordance with the report of the viewers duly had and filed of record in the said court. This change altered the course of the surface water and caused the plaintiff's fields to wash.

At the trial, the plaintiff failed to show that the defendants, or either of them, ordered or were present at the time of the construction of the road on the ground, but did not show that the construction on a location other than that named in the order of court was done by George Downs, who was employed by the defendants as supervisors of the township, as a road master on the roads of said township. Upon this evidence, on motion of the defendants, a compulsory nonsuit was entered. Later, a motion to take off the nonsuit was filed and argued. The reason urged to support this is that George Downs was a servant or agent of the defendants to construct this road for them, and his trespass, as their servant or agent in the course of his employment, makes them liable, personally, under the maxim of *respondeat superior*.

In support of this contention, the plaintiff cited a number of cases wherein this maxim is applied to a master whose servant has in the course of his employment, through negligence or otherwise, committed a trespass. It will be noted, however, that all the cases cited by the plaintiff are cases of private employment, to which relationship the maxim unquestionably applies. In this case, however, the defendants are public officers, being supervisors of Bethel Township. As such, the order of the court to open the road in question was directed to the defendants, and as such officials they directed the road master of the township, George Downs, to open the road in accordance with the instructions of the order of court.

The road master is an officer of the township appointed by the road supervisors under the authority of law and is an employee of the township. As to this character of employment, it seems well established that for trespasses occasioned by an employee, public officials are not personally liable under the maxim of *respondeat superior*. In the case of Boyd *v.* The Insurance Patrol of Philadelphia, 113 Pa. 269, 278, the Supreme Court says:

"It is true also, as a general rule, that a public officer is not liable for the negligence of his official subordinate, unless he commanded the negligent act to be done, Schroyer *v.* Lynch, 8 Watts, 453; the rule is founded in considerations of public policy (Sawyer *v.* Corse, 17 Grat. 230), has been long recognized, and is one of general application. 'The distinction generally turns upon the question whether the persons employed are his servants, employed voluntarily or privately, paid by him and responsible to him, or whether they are his official subordinates, nominated perhaps by him, but officers of the government; in other words whether the situation of the inferior is that of a public officer or a private servant.' In the former case the official superior is not liable for the inferior's acts, in the latter he is: American Lead. Cases, 641. A subordinate officer, when he is an independent officer, must stand or fall by himself; and to him, unless otherwise provided by statute, the maxim *respondeat superior* does not apply: Wh. Neg., 289."

Because of the relationship between the defendants, the supervisors of the township and George Downs as road master, we are of the opinion that the defendants are not liable personally for the trespass of Downs.

The motion to take off the nonsuit should, therefore, be dismissed.

And now, August 16, 1930, the motion to strike off is hereby overruled and dismissed.

From John P. Sipes, McConnellsburg, Pa.